UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORINA MICHELLE
NICHOLSON,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

_____/

Case No. 2:18-cv-12733
District Judge David M. Lawson
Magistrate Judge Anthony P. Patti

## REPORT AND RECOMMENDATION

**I.     RECOMMENDATION**: The Court should dismiss Plaintiff's action,

pursuant to Federal Rule of Civil Procedure 41(b) and E.D. Mich. LR 41.2 and for

failure to show cause.

**II.    REPORT:**  This matter is before the United States Magistrate Judge for a

Report and Recommendation on the Court's January 3, 2019 order requiring

Plaintiff to show cause for failure to comply with the Court's scheduling order.

(DE 10.)

### A.  Background

On September 4, 2018, Plaintiff, Corina Michelle Nicholson, via counsel,

filed this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for a review of a final

decision of the Commissioner of Social Security denying her application(s) for

social security disability benefits.  (DE 1.)  She named as Defendant the

Commissioner of Social Security.

On September 7, 2018, the Court entered an Order granting Plaintiff's

application to proceed without prepaying fees or costs, and the Clerk of the Court

issued summonses on September 10, 2018.  (DEs 4, 5.)  In November 2018, the

Commissioner appeared and filed an answer and the transcript.  (DEs 6-8.)  In

addition, the Court entered a scheduling order setting the deadline for Plaintiff's

motion for summary judgment for December 20, 2018.  (DE 9.)

On January 3, 2019, at which point Plaintiff had yet to file a motion for

summary judgment or a request for an extension of time in which to do so, the

Court issued an order to show cause for failure to comply with the Court's

scheduling order.  (DE 10.)  Specifically, the Court ordered that:

> . . . **ON OR BEFORE Tuesday, January 22, 2019,** Plaintiff is
> **ORDERED TO SHOW CAUSE**, in writing, why this case should
> not be dismissed in accordance with Federal Rule of Civil Procedure
> 41(b) and Eastern District of Michigan Local Rule 41.2 for her failure
> to prosecute and must also propose a reasonable and conservative
> extended deadline for filing her motion for summary judgment, should
> the Court choose to permit it.  Failure to comply with this Order could
> result in a Report and Recommendation that the Court dismiss this
> action pursuant to Federal Rule of Civil Procedure 41(b) and E.D.
> Mich. LR 41.2.

(DE 10 at 2 (emphases in original.)

To date, Plaintiff has not responded to the Show Cause Order.

2

**B. Standard**

Fed. R. Civ. P. 41 governs dismissal of actions.  As to an involuntary

dismissal, the rule provides:

> If the plaintiff fails to prosecute or to comply with these rules or a
> court order, a defendant may move to dismiss the action or any claim
> against it. Unless the dismissal order states otherwise, a dismissal
> under this subdivision (b) and any dismissal not under this rule--
> except one for lack of jurisdiction, improper venue, or failure to join a
> party under Rule 19--operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).  *See also Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 777 (6th

Cir. 2009).  Likewise, the local rules of this Court provide:

> Subject to Fed. R. Civ. P. 23(e) and LR 81.1, when it appears that the
> court lacks subject matter jurisdiction or that the parties have taken no
> action for a reasonable time, the court may, on its own motion after
> reasonable notice or on application of a party, enter an order
> dismissing or remanding the case unless good cause is shown.  An
> application for a continuance or pending discovery may not preclude a
> dismissal for failure to prosecute.

E.D. Mich. LR 41.2 ("Dismissal for Lack of Subject Matter Jurisdiction or Failure

to Prosecute").

**C. Discussion**

More than 50 days have lapsed since Plaintiff's motion for summary

judgment was due, and 20 days have passed since Plaintiff's show cause response

was due.  Plaintiff has failed to file either:  **(1)** a motion for summary judgment; **(2)**

a motion for an extension of time within which to do so; **(3)** a show cause

response; or **(4)** a motion for an extension of time within which to do so.  Plaintiff

has failed to show cause, despite being required to do so and despite being warned that such failure would result in a recommendation of dismissal.  Plaintiff appears to have abandoned this case.  The Undersigned therefore **RECOMMENDS** that the Court **DISMISS** Plaintiff's action under Rule 41(b) and E.D. Mich. LR 41.2.

## III.    PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 932 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.*  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the

4

objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich LR

72.1(d).  The response must specifically address each issue raised in the objections,

in the same order, and labeled as "Response to Objection No. 1," "Response to

Objection No. 2," *etc.*  If the Court determines that any objections are without

merit, it may rule without awaiting the response.


Dated: February 13, 2019          s/*Anthony P. Patti*
                                  Anthony P. Patti
                                  UNITED STATES MAGISTRATE JUDGE


### Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record
on February 13, 2019, electronically and/or by U.S. Mail.


                          s/Michael Williams
                          Case Manager for the
                          Honorable Anthony P. Patti